

# CT Corporation

**Service of Process Transmittal**
11/01/2018
CT Log Number 534333996

TO: Michele Stone
Holiday Retirement
480 N Orlando Ave Ste 236
Winter Park, FL 32789-2918

RE: **Process Served in Tennessee**

FOR: Holiday AL Management Sub LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | MARY E. BROWN, Pltf. vs. HOLIDAY AL MANAGEMENT SUB LLC, Dft. |
| DOCUMENT(S) SERVED: | Summons, Return, Complaint |
| COURT/AGENCY: | MONTGOMERY COUNTY - 19TH JUDICIAL DISTRICT, TN<br>Case # CC18CV2195 |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Knoxville, TN |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 11/01/2018 postmarked on 10/30/2018 |
| JURISDICTION SERVED: | Tennessee |
| APPEARANCE OR ANSWER DUE: | Within 30 days from the date this summons is served upon you |
| ATTORNEY(S) / SENDER(S): | R. Doug Hanson<br>446 James Robertson Parkway, Ste. 100.<br>Nashville, TN 37219<br>(615) 255-5174 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 11/01/2018, Expected Purge Date: 11/06/2018<br><br>Image SOP<br><br>Email Notification, Michele Stone michele.stone@holidaytouch.com |
| SIGNED: | C T Corporation System |
| ADDRESS: | 300 Montvue RD<br>Knoxville, TN 37919-5546 |
| TELEPHONE: | 312-345-4336 |

Page 1 of 1 / SS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT A



# STATE OF TENNESSEE
# MONTGOMERY COUNTY
# 19TH JUDICIAL DISTRICT

☒ First
☐ Alias
☐ Pluries

**MARY E. BROWN**

CIVIL ACTION DOCKET NO. CC18CV2195

Plaintiff

Method of Service:
☐ Montgomery County Sheriff
☐ Out of County Sheriff – Knox Co.
☐ Secretary of State
☒ Certified Mail
☐ Personal Service
☐ Commissioner of Insurance

Vs.

**HOLIDAY AL MANAGEMENT SUB, LLC.**
**REGISTERED AGENT: CT CORPORATION SYSTEM**
**300 MONTVUE ROAD**
**KNOXVILLE, TN 37919-5546**

Defendant

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 2 Millennium Plaza Suite 115, Clarksville, TN 37040, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 10·30·18

Cheryl Castle
Circuit Court Clerk
Montgomery County, Tennessee

By: _____ Deputy Clerk

| ATTORNEY FOR PLAINTIFF Or PLAINTIFF'S ADDRESS | R. Douglas Hanson |
|---|---|
| | Hughes & Coleman   446 James Robertson Pkwy Suite 100 |
| | Address |
| | Nashville, TN 37219 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

Cheryl Castle
Montgomery County Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
SHERIFF

♿ If you have a disability and require assistance, please contact the clerk.

RECEIVED OCT 30 2018

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20___, I:

[ ] served this summons and complaint/petition on _____ _____ in the following manner:

_____

[ ] failed to serve this summons within 30 days after its issuance because _____

_____

_____
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20___ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No. _____ to the defendant, _____. On the _____ day of _____ 20___, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20___. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS
_____ DAY OF _____, 20___.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON AUTHORIZED BY STATUTE TO SERVE PROCESS

_____ NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: _____

### NOTICE TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF Montgomery

I, Cheryl Castle, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

Cheryl Castle, CLERK

(To be completed only if copy certification required.)

By: _____ D.C.

MARY E. BROWN,

    Plaintiff,

vs.

    No.:
    Jury Demanded

HOLIDAY AL MANAGEMENT SUB LLC,

    Defendants.

## COMPLAINT FOR DAMAGES

Comes now the Plaintiff, Mary E. Brown, by and through counsel of record, R. Douglas Hanson, II, and for her cause against Defendant, Holiday AL Management Sub, LLC, states as follows:

### INTRODUCTION

(1) This is a premises liability case occurring on the premises at Uffleman Estates. Uffleman Estates is a high-end "Independent Living" facility for seniors. Uffleman Estates, however, retained residents that were no longer capable of "Independent Living" requiring full time, round-the-clock care. Mrs. Brown was a health care worker employed by an outside agency assigned to provide care to an elderly resident at Uffelman Estates that was not independent and should have been in a higher level of care facility. This resident required 24 hour care and assistance with ADLs including dressing, eating, bathing and administration of medication. The resident and/or the resident's family hired Mrs. Brown and another care giver to provide 24 hour round-the-clock care divided into 12 hour shifts. Uffleman Estates knew that this resident and others remaining in their "Independent Living" facility were not independent

and required 24 hour, round-the-clock care provided by outside care-givers including Mary Brown.

(2) On or about February 17/18, 2015, an accumulation of snow and ice fell and blanketed the grounds at Uffleman Estates and the Clarksville area. Despite the inclement weather, Mrs. Brown had to report to Uffleman Estates to provide care to their resident or the resident would have been unable to eat, bathe, change clothes, take her medicine or put herself to bed. Defendant knew that Mrs. Brown had to and would come on site during the inclement weather to provide care for their resident. Defendant, however, prohibited the 64 year-old Mrs. Brown from parking in the facility's plowed parking lot next to the facility's entry doors and forced her to park in the snow covered public street adjacent to Uffleman Estates.

(3) Mrs. Brown arrived for her shift on February 18, 2015, at approximately 6:15 p.m. She parked in the street as instructed. She exited her vehicle and walked toward the facility through the snow and ice. She walked from the street onto the grounds. She had stepped over a mound of snow accumulated next to the facility's parking lot and her foot landed on a patch of black ice in an untreated area causing her to fall and sustain serious injuries. Defendant and/or its agents had a non-delegable duty to and failed to take reasonable steps to maintain a reasonably safe premises, provide safe access to and/or remove the accumulations of snow and ice and/or ensure safe access for workers such as Mrs. Brown who had to come to their facility during inclement weather to provide care for residents requiring a higher level of care than that provided by the facility.

## PARTIES

(4) Plaintiff, Mary E. Brown is a resident and citizen of Clarksville, Montgomery County, Tennessee.

2

(5) Defendant Holiday AL Management Sub LLC, operates and manages Uffleman Estates. Defendant represented to the court by Consent Order dated April 18, 2016, and held itself out to be the "proper party Defendant" in this litigation and "the entity that was responsible for the management and operation of the community at issue during the period at issue."

(6) Holiday is a limited liability company formed in Delaware with its principal place of business in Winter Park, Florida. Holiday's registered agent for service of process is CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919 5546. Holiday was conducting business in Tennessee at all times material to this action and was responsible for the management and operation of the senior living and/or retirement community Uffelman Estates located at 215 Uffelman Dr. in Clarksville, Montgomery County, Tennessee.

## JURISDICTION AND VENUE

(7) Plaintiff's cause of action arises in tort under and by virtue of the laws of the State of Tennessee for the damages she sustained as a result of a slip and fall on February 18, 2015, on the property of Uffelman Estates located at 215 Uffelman Dr. in Clarksville, Montgomery County, Tennessee.

(8) Subject matter jurisdiction over this action is proper pursuant to Tenn. Code Ann. § 16-10-101.

(9) Venue for a trial on the merits in Montgomery County, Tennessee is proper in part by virtue of Tenn. Code Ann. § 20-4-101.

(10) This cause of action originally commenced on February 10, 2016, and was subsequently dismissed without prejudice by Plaintiff, pursuant to Tenn. R. Civ. P. 41.01, on December 13, 2017. See (Docket No. CC16cv216).

(11) Plaintiff's recommencement of this action is timely, pursuant to Tenn. Code Ann. § 28-1-105.

## FACTUAL ALLEGATIONS

(12) Uffleman Estates advertises and/or holds itself out to the public as an "Independent Living" facility.

(13) Uffleman Estates is operated and managed by Defendant and is part of a larger network of facilities individually marketed as "Independent Living" facilities, "Assisted Living" facilities and "Alzheimer's and Memory Care" facilities.

(14) Defendant's network includes 7 "Independent Living" facilities located in Tennessee, but does not have any "Assisted Living" facilities or "Alzheimer's and Memory Care" facilities in Tennessee.

(15) Mrs. Brown did not work for Defendant or Uffleman Estates.

(16) Mrs. Brown worked for an outside company and was hired by a resident at Uffleman Estates.

(17) The resident was not independent and required a higher level of care than that provided by Defendant and/or Uffleman Estates.

(18) The resident was dependent upon others for activities of daily living.

(19) The resident was dependent upon others for assistance with dressing and undressing.

(20) The resident was dependent upon others for assistance with eating.

(21) The resident was dependent upon others for assistance with bathing.

(22) The resident was dependent upon other for assistance with personal hygiene issues such as brushing teeth and brushing hair.

(23) The resident was dependent upon others for assistance with medication.

(24) The resident was dependent upon others for assistance with going to bed.

(25) The resident could not bathe herself, feed herself, dress herself, put herself to bed or determine what medications needed to be taken and when those medications needed to be taken.

(26) Mrs. Brown and others caregivers worked in 12 hour shifts to provide this resident round-the-clock care, 24 hours a day, seven days a week.

(27) An accumulation of snow and ice had just fallen and was present on the grounds and in the streets surrounding Uffleman Estates on February 18, 2015.

(28) Mrs. Brown had to go to Uffleman Estates to provide care for the resident on the evening of February 18, 2015, or the resident would not have eaten, taken her medicine, changed her clothes, gotten ready for bed or been able to put herself to bed.

(29) Uffleman Estates instructed Mrs. Brown and other caregivers there to provide care for residents that were not independent to park on the street in front of Uffleman Estates.

(30) Mrs. Brown and other care givers were instructed to park on the public streets surrounding the facility and were not permitted to park in the facility parking lots even in inclement weather.

(31) The parking lot by the office and/or facility entryway was plowed and virtually empty when Mrs. Brown arrived on the evening of February 18, 2015, at approximately 6:15.

(32) Mrs. Brown was not permitted to park in the plowed parking lot next to the entry ways that evening.

(33) Mrs. Brown parked on the snow and/or ice covered street when she arrived.

(34) Mrs. Brown was 64 years-old on the evening of February 18, 2015, and the Defendant/facility knew that she was going to be there to care for their resident that evening.

(35) Mrs. Brown parked on the public street, down by the corner, in front of the facility, exited her vehicle and began walking in the snow and ice accumulations toward the entryway of Uffleman Estates.

(36) There was a parking lot that was virtually empty by the entry way of Uffleman Estates.

(37) Mrs. Brown was instructed not to park in this parking lot even during inclement weather.

(38) Mrs. Brown exited street and entered the Uffleman Estate grounds still walking on accumulations of snow and ice by stepping in foot prints left behind by others before her.

(39) Mrs. Brown approached the facility parking lot and encountered a mound of snow and ice between the sidewalk and the facility parking lot.

(40) Mrs. Brown stepped over the mound of snow and ice onto what appeared to be a patch of dry or clear pavement, but this patch was black ice causing her to slip and fall.

(41) Mrs. Brown sustained serious injuries requiring surgical intervention as a result of the fall.

(42) The area in which Mrs. Brown slipped and fell was not treated with melting agents.

(43) Defendant's manager told Mrs. Brown as she laid there on the ground waiting for an ambulance that the area had not been treated with melting agents and that he should have put melting agents down in the area in which she fell.

(44) Mrs. Brown would not have had to step over the mound of snow and ice and onto this patch of black ice had Defendant permitted her to park in the parking lot next to the front door during this inclement weather event.

(45) Defendant and/or its agents knew that Mrs. Brown would have to come to the facility to care for its resident regardless of the inclement weather because Defendant could not meet that resident's level of care or needs.

(46) Defendant and/or its agents knew that Mrs. Brown was in her 60s and knew that she would be forced to walk a considerable distance on snow and ice to reach the facility if not permitted to park in the parking lot next to the entry door.

(47) Defendant and/or its agents failed to clear a safe path for Mrs. Brown between where she was forced to park and the entry way into the facility.

(48) Defendant and/or its agents failed to properly apply melting agents on its property and in the area where Mrs. Brown was forced to walk and ultimately fell.

(49) Defendant hired a snow removal company, but ultimately remains responsible for reasonable safety of its premises and/or any negligence of the snow removal company. The issue is one of indemnification against the snow removal company, not comparative fault.

(50) The property where Plaintiff fell was in a dangerous or defective condition.

(51) Defendant and/or its agents had notice of the dangerous and/or defective condition.

(52) An accumulation of ice and/or black ice on a walkway or on a parking surface where people walk is a dangerous condition.

(53) An accumulation of ice and/or black ice poses a danger to pedestrians.

(54) An accumulation of ice and/or black ice poses a fall risk to pedestrians.

(55) Pedestrians falling on ice and/or black ice can sustain injuries including, but not limited to, broken bones and torn ligaments and tendons.

(56) Defendant and/or its agents had notice of and/or knew and/or should have known that accumulations of snow, ice and/or black ice were present on and about its property prior to Mrs. Brown's fall on the evening of February 18, 2015, at approximately 6:15 p.m.

(57) Melting agents had not been applied, properly applied and/or timely applied on February 18, 2015, where Mrs. Brown fell.

(58) Mrs. Brown was exercising due care and walking cautiously when she fell while trying to reach the entry door of Uffleman Estates so she could provide care for a resident requiring a higher degree of care than that provided by Uffleman Estates.

(59) Defendant and/or its agents created the dangerous or defective condition or defect that is the proximate cause, direct cause and cause in fact of Mrs. Brown's fall.

(60) Defendant and/or its agents failed to take reasonable steps to provide safe access to and/or remove the accumulations of snow and ice and/or ensure safe access for workers such as Mrs. Brown who had to come to their facility to provide care for residents requiring a higher level of care than the facility provided.

(61) Defendant was responsible for maintaining the premises at Uffleman Estates in a reasonably safe condition and knew that the care givers for some its elderly residents would still need to provide assistance or care even during inclement weather.

## DEFENDANT'S ACTS OF NEGLIGENCE

(62) Plaintiff adopts, reiterates and incorporates by reference each of the separately number allegations contained in ¶¶ (1) through (61) as if fully stated herein.

(63) Defendant and/or its agents are guilty of the following acts of common law negligence relating to the fall on February 18, 2015, in that they did not:

    (a) maintain the premises, or premises then under their control, in a reasonably safe condition;

    (b) make reasonable and timely efforts to remove accumulations of snow and/or ice;

    (c) take reasonable steps to prevent refreeze and/or the formation of black ice;

(d) provides individual such as Mrs. Brown access to the facility parking lot or safe passage from their required parking location facility's entry;

(e) remedy a known dangerous or defective condition of which they had control or ownership when ample time and opportunity was available to do so;

(f) warn of known dangerous conditions then existing on the premises or premises under their control;

(g) provide a safe path to the entrance from the parking area provided to Plaintiff and similarly situated caregivers; and

(h) allow Plaintiff and similarly situated caregivers to use the parking area that would have provided the safest route to the entrance.

(64) Defendant's and/or its agents' breach of their duties to Plaintiff was a direct cause, proximate cause and cause in fact of Plaintiff's injuries.

(65) Defendant is vicariously liable for the negligence of its agents under the doctrine of *respondeat superior* and/or jointly and severally liable for the negligent actions and/or omissions of its agents including, but not limited to, its employees, management and its snow removal company.

(66) Alternatively, Defendant is guilty of negligence in hiring and supervising the entities to whom it delegated the duty to remove the ice from its premises.

## CAUSATION

(67) Defendant owed a duty to Plaintiff to maintain the premises in a reasonably safe condition.

(68) Defendant owed to Plaintiff, a duty to remedy, or in the alternative, to warn of, known dangerous conditions existing on the premises.

(69) Defendant's duty was heightened relative to a typical land owner's duty, as a result of that location being and by virtue of marketing to, catering to and only permitting elderly and disabled residents that could reasonably be expected to be in less than optimal physical condition and/or possessing compromised physical abilities.

(70) Defendant's duty was heightened being a 24 hour facility requiring the assistance of outside workers to meet the needs of its residents.

(71) Defendant breached the duties it owed to Plaintiff and was negligent.

(72) Defendant's negligent actions and/or omissions were the direct cause, proximate cause and cause in fact of Plaintiff's injuries.

(73). As a direct cause, proximate cause and cause in fact of Defendant's negligence, Plaintiff has and will continue to suffer serious, disabling, painful and permanent bodily and emotional injuries, all resulting in Plaintiff's liability for medical and other expenses.

## INJURIES AND DAMAGES

(74) As a direct and proximate result of Defendant's negligence, Plaintiff is entitled to damages, including but not limited to the following specific items of damages:

    (a) Physical pain, both past and future;

    (b) Emotional suffering and grief, both past and future;

    (c) Health care expenses, both past and future;

    (d) Loss of enjoyment of life;

    (e) Lost wages;

    (f) Loss of earning capacity

    (g) Permanent impairment and partial disability;

(h) Costs of this cause; and

(i) All other general damages and other relief allowed under the laws of the State of Tennessee.

## RELIEF SOUGHT

WHEREFORE, PLAINTIFF PRAYS:

(1) For a judgment against Defendant for compensatory damages in the amount of $1,000,000, for the personal injury and disability suffered by Plaintiff as a direct and proximate result of Defendant's negligence;

(2) For a judgment against Defendant for all costs of this action;

(3) For a trial by jury;

(3) That the costs of this action be assessed to Defendant; and

(4) For such other, further and general and equitable relief to which he may be entitled under the law.

Respectfully submitted,

_____
R. Doug Hanson (BPR# 017387)
446 James Robertson Parkway, Ste. 100
Nashville, TN 37219
Phone: (615) 255-5174
dhanson@hughesandcoleman.com
*Attorney for Plaintiff*