IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MARY E. BROWN, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:18-cv-01319 |
| HOLIDAY AL MANAGEMENT SUB LLC, | ) ) ) ) | JUDGE CAMPBELL MAGISTRATE JUDGE FRENSLEY |
| Defendant. | ) | |

## MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment. (Doc. No. 41). Plaintiff filed a Response in Opposition (Doc. No. 43), and Defendant filed a Reply (Doc. No. 44). For the reasons discussed below, Defendant's Motion for Summary Judgment (Doc. No. 41) will be **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This is a premises liability negligence action arising from Plaintiff Mary E. Brown's fall in the Uffelman Estates parking lot on February 18, 2015, at approximately 6:15 p.m. (Doc. No. 43-1 ¶ 1). Uffelman Estates is an independent living facility in Clarksville, Tennessee, operated by Defendant Holiday Al Management Sub LLC. (*Id*. at ¶ 2). In February 2015, Plaintiff was a health care worker for an agency hired to provide care for an elderly resident at Uffelman Estates. (Doc. *Id*. at ¶ 3). Plaintiff alleges that she slipped on a patch of black ice when she was walking towards the entryway of the facility to begin her shift that evening. (Doc. No. 1-1 at ¶¶ 26, 30-40).

A multi-day, major winter storm had begun in the Clarksville area on February 16, 2015. (Doc. No. 43-1 ¶ 5). A Clarksville NOAA station recorded four inches of "snow, ice pellets, hail" precipitation on February 16, 2015, and two additional inches of the same on February 17, 2015.

(*Id*. at ¶¶ 6-7). On February 18, 2015, there was additional snow and/or ice precipitation and accumulation (*see id*. at ¶ 8), but the parties have filed competing evidence as to the amounts of precipitation and accumulation that day as well as to the time of day accumulating precipitation stopped. (*See* Doc. Nos. 41-7; 41-8; 41-9; 41-6; 43-3; 43-4; 43-7).

On October 30, 2018, Plaintiff filed a Complaint in the Circuit Court of Montgomery County, Tennessee, alleging Defendant was negligent in failing to:

   a. maintain the premises, or premises then under their control, in a reasonably safe condition;

   b. make reasonable and timely efforts to remove accumulations of snow and/or ice;

   c. take reasonable steps to prevent refreeze and/or the formation of black ice;

   d. provide individuals such as Plaintiff access to the facility parking lot or safe passage from their required parking location facility's entry;

   e. remedy a known dangerous or defective condition of which they had control or ownership when ample time and opportunity was available to do so;

   f. warn of known dangerous conditions then existing on the premises or premises under their control;

   g. provide a safe path to the entrance from the parking area provided to Plaintiff and similarly situated caregivers; and

   h. allow Plaintiff and similarly situated caregivers to use the parking area that would have provided the safest route to the entrance.

(Doc. No. 1-1 ¶ 63). Plaintiff also claims Defendant is vicariously liable for the alleged negligent actions and/or omissions of its agents, including its employees, management, and snow removal company. (Doc. No. 1-1 ¶ 65). Alternatively, Plaintiff claims Defendant was negligent in hiring

2

Case 3:18-cv-01319   Document 52   Filed 09/23/20   Page 2 of 7 PageID #: 471

and supervising the entities to whom it delegated the duty to remove the ice from its premises. (Doc. No. 1-1 ¶ 65). Defendant removed Plaintiff's action to this Court on November 27, 2018, on the basis of diversity jurisdiction. (Doc. No. 1). On November 4, 2019, Defendant moved for summary judgment on all claims. (Doc. No. 41).

## II.   STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party, and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id.* The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence of which the jury could reasonably find for the nonmoving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

## III. ANALYSIS

Defendant argues that it had no duty under Tennessee law to remove snow and ice accumulation because Plaintiff's fall occurred recently after and/or during a winter storm involving several inches of snow and ice accumulation. (Doc. No. 41). Defendant further argues that, even if there were a duty, it did not breach it because its actions were reasonable under the circumstances. (*Id.*). Plaintiff argues summary judgment is inappropriate because genuine disputes of fact exist on the issues of duty and breach. (Doc. No. 43).

A federal court sitting in diversity applies the substantive law of the forum state. *Corley v. Wal-Mart Stores East, LP*, 637 Fed. App'x 210, 211 (6th Cir. 2016). To establish a *prima facie* case for premises liability based upon negligence under Tennessee law, a plaintiff must establish: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause. *Williams v. Linkscorp Tennessee Six, L.L.C.*, 212 S.W.3d 293, 296 (Tenn. Ct. App. 2006). For the premises owner to be liable for a dangerous and defective condition on their property, the plaintiff must prove each of the elements of negligence and either (1) that the condition was caused or created by the premises owner or their agent, or (2) if the condition was created by someone other than the owner or their agent, that the premises owner had actual or constructive notice of the dangerous or defective condition prior to the accident. *Id.* (citing *Blair v. West Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004)).

### A. Duty

Under Tennessee law, premises owners have a duty "to take reasonable steps to remove snow and ice within a reasonable time after it has formed or accumulated." *Bowman v. State*, 206 S.W.3d 467, 473 (Tenn. Ct. App. 2006) (citing *Grizzell v. Foxx*, 348 S.W.2d 815, 817 (Tenn. Ct.

4

App. 1960)); *see also Clifford v. Crye-Leike Commer., Inc.*, 213 S.W.3d 849, 853 (Tenn. Ct. App. 2006); *Simmons v. Russell*, No. 01A01-9709-CV-00467, 1998 WL 251751, at *3 (Tenn. Ct. App. May 20, 1998). As recognized by both parties, Tennessee courts have declined to impose a duty on premises owners "to continuously remove snow and ice in the middle of an ongoing winter storm." *See Clifford*, 213 S.W.3d at 853; *Simmons*, 1998 WL 251751, at *3 ("Because the accumulation of frozen precipitation in this case was both recent and continuous, we find that the defendants did not have a duty to remove the ice and snow from the steps. Mr. Simmons's accident occurred right in the middle of approximately twelve hours of falling ice and snow. This is not a case in which a landlord improperly allowed an accumulation to remain after a reasonable length of time had passed for removal. It would not be feasible or fair to impose a duty on a landlord to continuously remove ice and snow in the middle of an ongoing winter storm.")).

Defendant argues that it did not have a duty to remove snow and ice accumulation in the Uffelman Estates parking lot because the accumulation was recent and continuous at the time of Plaintiff's fall. (Doc. No. 41-1 at 5-11). As support, Defendant points to Plaintiff's testimony that the winter precipitation lasted for multiple days, including on the day of her fall. (Doc. No. 41-1 at 6-7; *see also* Doc. No. 43-1 ¶¶ 11-12). Defendant also points to the testimony of Darrel Wynn, co-manager of Uffelman Estates, that the storm was continuing on February 18, the day of Plaintiff's fall. (Doc. No. 41-1 at 7; *see also* Doc. No. 43-1 ¶ 13). Defendant further points to Mr. Wynn's testimony that Uffelman Estates received significant accumulation during the afternoon on February 18. (Doc. No. 41-1 at 7-8; *see also* Doc. No. 43-1 ¶¶ 14-15). Defendant also points to Plaintiff's testimony that, on the day of her fall, she saw some snow flurries on her drive to Uffelman Estates and that when she arrived "it was still doing a little something" but she didn't know "whether it was ice and snow or what it was." (Doc. No. 41-1 at 8-10; *see also* Doc. No. 43-

5

1 ¶¶ 17-20, 16). Based on the foregoing, Defendant asserts that it is undisputed that (1) significant accumulation occurred on the afternoon of February 18, 2015, and (2) that accumulation was continuing and observed by Plaintiff just a few minutes prior to her arrival at Uffelman Estates. Accordingly, Defendant argues that it has established the snow and ice accumulation was recent and therefore that it had no duty to remove the snow and ice accumulation at the time of Plaintiff's fall. (Doc. No. 41-1 at 11).

In Response, Plaintiff argues there is a genuine dispute of fact as to whether the accumulation was recent and/or continuous at the time of her fall. (Doc. No. 43-2 at 5). In support, Plaintiff produces a Certified Past Weather Report, arguing the report shows that any accumulation during the day would have ended at 6:00 a.m. on the morning of February 18, more than 12 hours before the fall took place. (Doc. No. 43-2 at 5 (citing Doc. No. 43-2, Certified Past Weather Report, at PageID # 388-392)). Plaintiff points to her husband's testimony that it was early in the day when the snow stopped falling of February 18, 2015. (Doc. No. 43-2 at 5 (citing Doc. No. 43-7, Deposition of Larry Brown)). Plaintiff also points to Mr. Wynn's testimony that the precipitation and the accumulation had both ceased by the early afternoon of February 18, 2015. (Doc. No. 43-2 at 5 (citing Doc. No. 43-4, Deposition of Darrel Wynn, at PageID #404)). Plaintiff argues that, based on the evidence in the record, a jury could find in her favor that the accumulation and precipitation was not extremely recent and/or continuous by the time of her fall. Plaintiff argues that a genuine dispute for trial exists on the basis of whether the accumulation was recent and/or continuous which, in turn, creates a factual dispute as to whether Defendant had a duty to Plaintiff.

Given the competing evidence, the Court concludes that there are genuine issues of material fact as to the amount of snowfall, the amount of accumulation, and when accumulating precipitation stopped on February 18, 2015. Consequently, material questions of fact exist on the

6

issues of duty and breach, rendering summary judgment inappropriate. *See Bowman v. State*, 206 S.W.3d 467, 474 (Tenn. Ct. App. 2006) ("When called upon to consider whether a property owner's efforts to remove snow and ice were reasonable, the court should consider, among other things, (1) the length of time the accumulation has been present, (2) the amount of the accumulation…").

    An appropriate order will enter.

                                                                    WILLIAM L. CAMPBELL, JR.
                                                                    UNITED STATES DISTRICT JUDGE